IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Xodus Medical Inc.; Alessio Pigazzi; and Glenn Keilar, | C/A No. 7:21-cv-00727-DCC |
| Plaintiffs, | |
| v. | **OPINION AND ORDER** |
| Mark Mullen and Keenan Mullen, | |
| Defendants. | |

This matter is before the Court on Defendants Mark Mullen and Keenan Mullen's (collectively, "Defendants") Motion to Stay. ECF No. 14. Plaintiffs Xodus Medical Inc., Alessio Pigazzi, and Glenn Keilar (collectively, "Plaintiffs") filed a Response in Opposition, and Defendants filed a Reply. ECF Nos. 18, 20. Defendants filed supplemental authority. ECF Nos. 27, 37. The Motion to Stay is now before the Court.

## **BACKGROUND**

Plaintiffs filed this patent infringement action pursuant to 35 U.S.C. § 271, alleging that Defendants market and sell a product known as the "SurgyPad" that infringes upon the following patents, of which Plaintiffs are the exclusive owners: U.S. Patent No. 8,511,314 ("the 314 patent"), U.S. Patent No. 8,464,720 ("the 720 patent"), and U.S. Patent No. 9,161,876 ("the 876 patent"). ECF No. 1 at 2–3. Plaintiffs explain that the SurgyPad "comprises viscoelastic material designed to be placed on medical procedure tables that can be titled" and is used for positioning and holding patients on medical procedure tables. *Id.* at 4–5.

Prior to the present litigation, Plaintiffs filed a civil action on October 15, 2019, against U.S. Surgitech Inc. ("Surgitech") in the Northern District of Illinois, *Xodus Medical Inc., Alessio Pigazzi and Glenn Keilar v. U.S. Surgitech, Inc.*, C.A. No. 1:19-cv-03164 ("the Illinois Litigation"). ECF Nos. 14-1 at 5; 14-2. In Defendants' Motion to Stay, they assert that the Illinois Litigation alleges "patent infringement against Surgitech involving the exact same patents involved in this case and the exact same SurgyPad product." ECF No. 14-1 at 5. Plaintiffs filed the present action in this Court on March 12, 2021. ECF No. 1. The only difference between the two cases is that this action is brought against a seller and marketer of the SurgyPad, while the Illinois Litigation has been brought against the manufacturer of the product.

On August 9, 2021, Defendants filed a Motion to Stay under Federal Rule of Civil Procedure 16 pending the outcome of the Illinois Litigation. ECF No. 14. Plaintiffs filed a Response in Opposition on September 2, 2021, and Defendants filed a Reply on September 9, 2021. ECF Nos. 18, 20. Defendants filed supplemental authority. ECF Nos. 27, 37.[1]

## APPLICABLE LAW

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The

---

[1] Defendants' supplemental authorities contain Orders granting Motions to Stay in two allegedly similar civil actions Plaintiffs have filed in the Middle District of Pennsylvania and the Eastern District of Louisiana. *See* ECF Nos. 27-1 (*Xodus Medical Inc., Alessio Pigazzi, and Glenn Keilar v. Active Medical, Inc.*, C.A. No. 1:21-cv-00476-JPW (M.D. Pa. Nov. 19, 2021)), 37-1 (*Xodus Medical Inc. et al. v. TGV Innovations LLC*, C.A. No. 2:21-cv-00616-JTM-JVM (E.D. La. Jan. 7, 2022)).

decision to grant or deny a motion to stay "calls for an exercise of judgment to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket." *United States v. Ga. Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1944). The court "must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55. "Traditionally, a court may consider the following factors when deciding whether to stay legal proceedings: (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the case is in fact stayed." *Brown-Thomas v. Hynie*, C.A. No. 1:18-cv-02191-JMC, 2019 WL 1043724, at *3 (D.S.C. Mar. 5, 2019) (quoting *Mitchell v. Lonza Walkersville, Inc.*, 2013 WL 3776951, at *2 (D. Md. July 17, 2013) (internal quotation marks omitted)). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 862 (9th Cir. 1979). The decision to grant a stay is "generally left to the sound discretion of district courts." *Ryan v. Gonzales*, 568 U.S. 57, 76 (2013) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983).

## **DISCUSSION**

Defendants move to stay this action pursuant to the "customer-suit" exception pending the outcome of the Illinois Litigation. ECF No. 14 at 1. Defendants contend the

Illinois Litigation alleges "patent infringement involving the same patents and the exact same SurgyPad product." ECF No. 14-1 at 5. As a result, Defendants argue the Illinois Litigation should take precedence as the first-filed suit, and the current action in this Court should be stayed.[2] *Id.* at 11. Defendants further claim that staying this action will provide for the most efficient adjudication of the parallel issues in each case and will not prejudice Plaintiffs in their ability to resolve their patent infringement disputes. *Id.* at 14–15. Defendants also assert that, should Plaintiffs prevail against Surgitech in the Illinois Litigation, they will only be entitled to recover from Surgitech as the manufacturer of the product rather than Defendants as sellers. *Id.* at 16–17.

In contrast, Plaintiffs argue that neither the "first-to-file" rule nor the "customer-suit" exception require this Court to stay this action. ECF No. 18 at 1. Instead, they contend that the decision of whether to order a stay is discretionary in both circumstances. *Id.* Plaintiffs further claim that a stay in this case would cause them to suffer undue prejudice because it would result in a lengthy delay in the proceedings. *Id.* at 2. They assert that the Illinois Litigation is not guaranteed to be finished before the end of this litigation, given the current circumstances caused by the COVID-19 pandemic. *Id.* Plaintiffs explain that

---

[2] Although Defendants argue that the Illinois Litigation should take precedence as the first-filed lawsuit, they also maintain that the "customer-suit" exception applies to this case and mandates a stay. ECF No. 14-1 at 12–14. The "customer-suit" exception provides that "litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer." *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011) (quoting *Katz v. Lear Seigler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990)). "Generally speaking, courts apply the customer suit exception to stay earlier-filed litigation against a customer while a later-filed case involving the manufacturer proceeds in another forum." *Id.* Here, Plaintiffs' action against Surgitech, the manufacturer, was filed before this action against Defendants. Therefore, the Court finds the "customer-suit" exception does not apply.

the Illinois Litigation has been sitting dormant for nearly eight months even though the briefing has been completed. *Id.* Based upon the schedule of the Illinois Litigation, alleged discrepancies in docket volume and backlog, and the difference in COVID-19 restrictions in Illinois and South Carolina, Plaintiffs maintain that this action would likely conclude first. *Id.* at 3. Plaintiffs are also concerned about Surgitech's ability to pay a judgment if they are successful in the Illinois Litigation and believe a stay in this case would prejudice them by delaying their ability to seek a judgment against downstream sellers such as Defendants. *Id.*

After careful consideration of the parties' arguments, the Court finds that the "first-to-file" rule applies to this case and warrants a stay pending the resolution of the Illinois Litigation. "The first-to-file rule provides that 'when multiple suits are filed in different Federal courts upon the same factual issues, the first or prior action is permitted to proceed to the exclusion of another subsequently filed.'" *Victaulic Co. v. E. Indus. Supplies, Inc.*, 6:13–01939–JMC, 2013 WL 6388761, at *2 (D.S.C. Dec. 6, 2013) (quoting *Allied-Gen. Nuclear Servs. v. Commonwealth Edison Co.*, 675 F.2d 610, 611 n.1 (4th Cir. 1982)). Courts within this circuit have observed that "the Fourth Circuit has no unyielding first-to-file rule." *Gibbs v. Stinson*, 421 F.Supp.3d 267, 286 (E.D. Va. Sept. 30, 2019) (internal quotation marks omitted). However, "the first suit should have priority, absent the showing of balance of convenience in favor of the second action." *Victaulic Co.*, 2013 WL 6388761, at *2 (quoting *Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co.*, 386 F.3d 581, 594–95 (4th Cir. 2004). "The policy underlying the rule is the avoidance of duplicative litigation and the conservation of judicial resources," but "[a]pplication of the

rule is discretionary, not mandatory." *Id.* "When a case falls within the ambit of the first-to-file rule, courts generally will stay, dismiss, or transfer the second-filed case." *Id.*

Courts consider the following factors in determining whether the first-to-file rule should be applied: "(1) the chronology of the filings, (2) the similarity of the parties involved, and (3) the similarity of the issues at stake." *Id.* at *3. The Court may also consider "whether the balance of convenience weighs in favor of allowing the second-filed action to proceed." *Id.* "In determining the balance of convenience, courts look to the same factors relevant to transfer of venue pursuant to 28 U.S.C. § 1404(a)." *Id.* "These factors are (1) the ease of access to the sources of proof; (2) the convenience of the parties and witnesses; (3) the cost of obtaining the attendance of the witnesses; (4) the availability of compulsory process; (5) the possibility of a view by the jury; (6) the interest in having local controversies decided at home; and (7) the interest of justice." *Id.* (internal quotation marks omitted).

Here, the Illinois Litigation was first-filed on October 15, 2019, approximately 17 months before this action was filed on March 12, 2021. ECF Nos. 1; 14-2. Although the parties in the two actions are not identical,[3] the issues in both cases are substantially similar, arising from both the ownership of the patents by Plaintiffs and allegations that Surgitech and Defendants have infringed on the patents through the manufacture and sale of the SurgyPad. If both cases are allowed to proceed, there is an opportunity to

---

[3] Plaintiffs are a party in this case and in the Illinois Litigation. Defendants are not a party to the Illinois Litigation. This lack of complete identicalness of the parties is not a bar to application of the first-to-file rule, so long as the issues in the two cases substantially overlap, as they do here. *See, e.g., Smart Techs., Inc. v. Polyvision Corp.*, 2004 WL 6047007, at *3 (E.D. Va. Oct. 20, 2004) ("The first-filed rule does not require the parties to be identical, but merely similar.") (citing *Nutrition & Fitness, Inc. v. Blue Stuff, Inc.*, 264 F.Supp.2d 357, 360–61 (W.D.N.C. May 19, 2003))).

have potentially inconsistent rulings and conflicting decisions by this Court and the Northern District of Illinois on the question of infringement of the patents. Therefore, the Court concludes that the foregoing favors application of the first-to-file rule.

Having decided that the first-to-file rule is applicable to this case, the Court must next consider whether the "balance of convenience" nevertheless warrants dispensing with the first-to-file rule and litigating Plaintiffs' claims in this forum. While neither party addresses the relevant factors, the Court notes that Defendants reside in this district and the relevant business records and/or customers with knowledge and information regarding Defendants' activities are most likely located in this district. However, there is no evidence in the record regarding the location of potential witnesses or relevant documents in this forum to accord this factor much weight in Plaintiffs' favor. Moreover, the interest of justice factor, which considers the promotion of judicial economy and the avoidance of inconsistent judgments, offsets any convenience advantage this forum has over the Northern District of Illinois regarding the adjudication of this matter. Therefore, the Court concludes that the balance of convenience factors do not clearly favor this forum over the Northern District of Illinois.

Defendants have requested that this action be stayed pending the outcome of the Illinois Litigation. ECF No. 14; *see Victaulic Co.*, 2013 WL 6388761, at *2 ("When a case falls within the ambit of the first-to-file rule, courts generally will stay, dismiss, or transfer the second-filed case."). Plaintiffs argue they will suffer undue prejudice because they believe this action will likely conclude before the Illinois Litigation due to discrepancies in docket backlog and COVID-19 restrictions between the districts. This Court cannot guarantee a faster disposition than the Northern District of Illinois. Indeed, the Illinois

7


Litigation is much further along than this case, as initial discovery and briefing on the claim construction issue have already been completed. ECF No. 14-1 at 14. Thus, the Court finds Plaintiffs' prejudice argument unpersuasive. Although Defendants have not shown a particular hardship or inequity in attempting to justify a stay of this action, the strong policy against duplicative litigation in two federal courts counsels in favor of granting a stay pending resolution of the Illinois Litigation. *See PBM Nutritionals, LLC v. Dornoch Ltd.*, 667 F.Supp.2d 621, 634 (E.D. Va. Oct. 8, 2009) (noting that Dornoch had not shown hardship to justify a stay, but finding the action should be stayed because of the strong policy against duplicative litigation). Moreover, the conservation and efficient use of judicial resources weighs heavily in favor of staying the current action. A stay would reduce the burden of duplicative litigation and eliminate the risk of inconsistent rulings and conflicting decisions on the patent infringement issue. Therefore, the Court grants Defendant's Motion to Stay this action pending the resolution of the Illinois Litigation.

Litigation is much further along than this case, as initial discovery and briefing on the claim construction issue have already been completed. ECF No. 14-1 at 14. Thus, the Court finds Plaintiffs' prejudice argument unpersuasive. Although Defendants have not shown a particular hardship or inequity in attempting to justify a stay of this action, the strong policy against duplicative litigation in two federal courts counsels in favor of granting a stay pending resolution of the Illinois Litigation. *See PBM Nutritionals, LLC v. Dornoch Ltd.*, 667 F.Supp.2d 621, 634 (E.D. Va. Oct. 8, 2009) (noting that Dornoch had not shown hardship to justify a stay, but finding the action should be stayed because of the strong policy against duplicative litigation). Moreover, the conservation and efficient use of judicial resources weighs heavily in favor of staying the current action. A stay would reduce the burden of duplicative litigation and eliminate the risk of inconsistent rulings and conflicting decisions on the patent infringement issue. Therefore, the Court grants Defendant's Motion to Stay this action pending the resolution of the Illinois Litigation.

## **CONLUSION**

For the reasons set forth above, Defendants' Motion to Stay [14] is **GRANTED**, and this action is **STAYED** pending the resolution of *Xodus Medical Inc., Alessio Pigazzi and Glenn Keilar v. U.S. Surgitech, Inc.*, C.A. No. 1:19-cv-03164, in the United States District Court for the Northern District of Illinois. The parties are directed to file a joint status report within thirty (30) days of the resolution of the Illinois Litigation.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

February 28, 2022
Spartanburg, South Carolina